**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| MICHAEL KENT, Individually and On Behalf of All Others Similarly Situated, ) ) ) | |
| Plaintiff, ) ) | Case No. _____ |
| v. ) ) | JURY TRIAL DEMANDED |
| TD AMERITRADE HOLDING CORPORATION, JOSEPH H. MOGLIA, STEVE BOYLE, LARRY BETTINO, ANN HAILEY, BRIAN LEVITT, KAREN E. MAIDMENT, BHARAT MASRANI, IRENE MILLER, MARK L. MITCHELL, WILBUR J. PREZZANO, TODD M. RICKETTS, ALLAN R. TESSLER, THE CHARLES SCHWAB CORPORATION, and AMERICANO ACQUISITION CORP., ) ) ) ) ) ) ) ) ) ) ) ) | CLASS ACTION |
| Defendants. ) | |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on November 25, 2019 (the "Proposed Transaction"), pursuant to which TD Ameritrade Holding Corporation ("TD Ameritrade" or the "Company") will be acquired by The Charles Schwab Corporation ("Parent") and Americano Acquisition Corp. ("Merger Sub," and together with Parent, "Charles Schwab").

2. On November 24, 2019, TD Ameritrade's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Charles Schwab. Pursuant to the terms of the Merger Agreement, TD

Ameritrade's stockholders will receive 1.0837 shares of Parent common stock for each share of TD Ameritrade common stock they own.

3. On March 10, 2020, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of TD Ameritrade common stock.

9. Defendant TD Ameritrade is a Delaware corporation and maintains its principal executive offices at 200 South, 108th Avenue, Omaha, Nebraska 68154. TD Ameritrade's common stock is traded on the NASDAQ Global Select Market under the ticker symbol "AMTD."

10. Defendant Joseph H. Moglia is Chairman of the Board of the Company.

11. Defendant Steve Boyle is Interim President, Chief Executive Officer, and a director of the Company.

12. Defendant Larry Bettino is a director of the Company.

13. Defendant Ann Hailey is a director of the Company.

14. Defendant Brian Levitt is a director of the Company.

15. Defendant Karen E. Maidment is a director of the Company.

16. Defendant Bharat Masrani is a director of the Company.

17. Defendant Irene Miller is a director of the Company.

18. Defendant Mark L. Mitchell is a director of the Company.

19. Defendant Wilbur J. Prezzano is a director of the Company.

20. Defendant Todd M. Ricketts is a director of the Company.

21. Defendant Allan R. Tessler is a director of the Company.

22. The defendants identified in paragraphs 10 through 21 are collectively referred to herein as the "Individual Defendants."

23. Defendant Parent is a Delaware corporation and a party to the Merger Agreement.

24. Defendant Merger Sub is a Delaware corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

25. Plaintiff brings this action as a class action on behalf of himself and the other public

stockholders of TD Ameritrade (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

26. This action is properly maintainable as a class action.

27. The Class is so numerous that joinder of all members is impracticable. As of November 18, 2019, there were approximately 540,558,193 shares of TD Ameritrade common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

28. Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

29. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

30. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

31. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## **SUBSTANTIVE ALLEGATIONS**

*Background of the Company and the Proposed Transaction*

32. TD Ameritrade provides investing services and education to approximately 12 million client accounts totaling approximately $1.3 trillion in assets, and custodial services to more than 7,000 registered investment advisors.

33. The Company is a leader in U.S. retail trading, executing an average of approximately 800,000 trades per day, more than a quarter of which come from mobile devices.

34. On November 24, 2019, TD Ameritrade's Board caused the Company to enter into the Merger Agreement with Charles Schwab.

35. Pursuant to the terms of the Merger Agreement, TD Ameritrade's stockholders will receive 1.0837 shares of Parent common stock for each share of TD Ameritrade common stock they own.

36. According to the press release announcing the Proposed Transaction:

> The Charles Schwab Corporation ("Schwab") and TD Ameritrade Holding Corporation ("TD Ameritrade") today announced that they have entered into a definitive agreement for Schwab to acquire TD Ameritrade in an all-stock transaction valued at approximately $26 billion. Under the agreement, TD Ameritrade stockholders will receive 1.0837 Schwab shares for each TD Ameritrade share, which represents a 17% premium over the 30-day volume weighted average price exchange ratio as of November 20, 2019. . . .
>
> Transaction Details
>
> This transaction creates significant strategic benefits for the combined organization and is expected to deliver attractive returns for the owners of both companies, while further improving the investing and trading experience of both Schwab and TD Ameritrade clients. It allows Schwab to continue to add further scale on top of its organic growth, helping to drive sustainable, profitable growth and long-term value creation. More specifically, the acquisition will add to Schwab approximately 12 million client accounts, $1.3 trillion in client assets, and approximately $5 billion in annual revenue. This added scale is expected to result in lower operating expenses as a percentage of client assets ("EOCA"), help fund enhanced client experience capabilities, improve the company's competitive position and further its

financial success and diversification of revenue. The resulting combined firm is expected to serve 24 million client accounts with more than $5 trillion in client assets; taken together, the two firms recently generated total annualized revenue and pre-tax profits of approximately $17 billion and $8 billion, respectively.

The transaction has been unanimously approved by the Boards of Directors of Schwab and TD Ameritrade, as well as the Strategic Development Committee of TD Ameritrade's Board—a committee comprised solely of outside, independent directors that was established by the Board of Directors of TD Ameritrade to oversee and conduct the process and all negotiations concerning the transaction on behalf of the Board. Post-closing, The Toronto-Dominion Bank ("TD Bank"), which currently holds approximately 43% of TD Ameritrade's common stock, will have an estimated aggregate ownership position of approximately 13% in the combined company, with other TD Ameritrade stockholders and existing Schwab stockholders holding approximately 18% and 69%, respectively. TD Bank's voting stake will be capped at 9.9%, with the balance of its position held in a new, non-voting class of Schwab common stock. Additional details regarding stockholder matters, including upcoming votes, will be provided in the subsequent merger proxy materials. . . .

The transaction is subject to customary closing conditions, including receipt of applicable regulatory approvals and approval by the stockholders of both companies. Closing is also subject to a "majority of the minority" TD Ameritrade stockholder approval condition, which means that the transaction must be approved by holders of a majority of the outstanding TD Ameritrade shares, other than TD Bank and certain other shareholders of TD Ameritrade that have entered into voting agreements. TD Bank and certain stockholders of TD Ameritrade (who collectively own approximately 52% of the TD Ameritrade shares), and certain stockholders associated with Charles R. Schwab (who own approximately 10% of the Schwab shares), have agreed to vote their shares in favor of the transaction. The parties expect the transaction to close in the second half of 2020, and integration efforts to begin immediately thereafter.

Following the close of the transaction, TD Bank will have the right to name two new seats on the Schwab Board of Directors and TD Ameritrade will name a single director.

Credit Suisse Securities (USA) LLC served as financial advisor and Davis Polk & Wardwell LLP acted as legal advisor to The Charles Schwab Corporation. PJT Partners LP and Sandler O'Neill + Partners LP served as financial advisors and Wachtell, Lipton, Rosen & Katz acted as legal advisor to the Strategic Development Committee of the Board of Directors of TD Ameritrade.

*The Registration Statement Omits Material Information*

37. Defendants filed the Registration Statement with the SEC in connection with the

Proposed Transaction.

38. As set forth below, the Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.

39. First, the Registration Statement omits material information regarding the Company's and Charles Schwab's financial projections.

40. With respect to the Company's financial projections, the Registration Statement fails to disclose, for each set of projections: (i) all line items used to calculate (a) adjusted EBITDA, (b) non-GAAP adjusted net income, (c) non-GAAP adjusted earnings per share, (d) levered free cash flows, and (e) unlevered free cash flows; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

41. With respect to Charles Schwab's financial projections, the Registration Statement fails to disclose, for each set of projections: (i) all line items used to calculate (a) non-GAAP adjusted earnings per share and (b) distributable cash flows; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

42. With respect to the combined company's financial projections, the Registration Statement fails to disclose all line items used to calculate distributable cash flows.

43. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

44. Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisors in connection with the Proposed

Transaction, PJT Partners, LP and Piper Sandler & Co. (together, the "Financial Advisors").

45. With respect to the Financial Advisors' Discounted Equity Cash Flow Analysis—TD Ameritrade, the Registration Statement fails to disclose: (i) the terminal values of TD Ameritrade; (ii) the Financial Advisors' basis for applying an exit multiple range of 12.0x to 14.0x and an implied perpetuity growth rate of 1.5%; (iii) the individual inputs and assumptions underlying the discount rates ranging from 8.5% to 10.5%; and (iv) the fully diluted number of shares of TD Ameritrade common stock.

46. With respect to the Financial Advisors' Discounted Equity Cash Flow Analysis/Net Present Value Analysis—Schwab, the Registration Statement fails to disclose: (i) the terminal values of Charles Schwab; (ii) the Financial Advisors' basis for applying an exit multiple range of 15.5x to 17.5x, an implied perpetuity growth rate of 3.2%, and price to 2023E earnings per share multiples ranging from 15.0x to 19.0x; (iii) the individual inputs and assumptions underlying the discount rates ranging from 8.5% to 10.5% and 7.92% to 11.92%; and (iv) the fully diluted number of shares of Charles Schwab common stock.

47. With respect to the Financial Advisors' Illustrative Pro Forma Value Creation Analysis, the Registration Statement fails to disclose the number of fully diluted shares of Charles Schwab common stock outstanding after giving effect to the Proposed Transaction.

48. With respect to the Financial Advisors' price targets analyses, the Registration Statement fails to disclose: (i) the price targets observed by the Financial Advisors in the analyses; and (ii) the sources thereof.

49. With respect to the Financial Advisors' analysis of premiums paid, the Registration Statement fails to disclose: (i) the transactions observed by the Financial Advisors in the analysis; and (ii) the premiums paid in the transactions.

50. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

51. The omission of the above-referenced material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) Background of the Merger; (ii) Opinions of the Strategic Development Committee's Financial Advisors; and (iii) Unaudited Prospective Financial Information.

52. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and TD Ameritrade**

53. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

54. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. TD Ameritrade is liable as the issuer of these statements.

55. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

56. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

57. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

58. The Registration Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

59. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

60. Because of the false and misleading statements in the Registration Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and Charles Schwab

61. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

62. The Individual Defendants and Charles Schwab acted as controlling persons of TD Ameritrade within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or Board members of TD Ameritrade and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

63.   Each of the Individual Defendants and Charles Schwab was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

64.   In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Registration Statement.

65.   Charles Schwab also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

66.   By virtue of the foregoing, the Individual Defendants and Charles Schwab violated Section 20(a) of the 1934 Act.

67.   As set forth above, the Individual Defendants and Charles Schwab had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.    Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.    In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.    Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.    Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.    Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.    Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: March 18, 2020					**RIGRODSKY & LONG, P.A.**

							By:  */s/ Gina M. Serra*
							        Brian D. Long (#4347)
**OF COUNSEL:**						Gina M. Serra (#5387)
							300 Delaware Avenue, Suite 1220
**RM LAW, P.C.**						Wilmington, DE 19801
Richard A. Maniskas					Telephone: (302) 295-5310
1055 Westlakes Drive, Suite 300				Facsimile: (302) 654-7530
Berwyn, PA 19312						Email: bdl@rl-legal.com
Telephone: (484) 324-6800					Email: gms@rl-legal.com
Facsimile: (484) 631-1305
Email: rm@maniskas.com					*Attorneys for Plaintiff*